**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ELLEN HANNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01093-SEP |
| | ) |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Petition for Approval of Wrongful Death Settlement, her Memorandum of Settlement, and the parties' joint motions for sealing the settlement agreement and the settlement breakdown. Docs. [21], [29], [36] *SEALED*, [37] *SEALED*. For the reasons below, the Court will grant the motions.

**I.  Background**

On July 10, 2018, Plaintiff's mother, Margaret Kovacevich, who suffered from dementia, was transferred to Defendant's facility in Des Peres, Missouri. At that time, Kovacevich was ambulatory with the assistance of a walker, self-feeding, continent, communicative, and free of lacerations, avulsions, abrasions, contusions, and hematomas. On July 28, 2018, Kovacevich died.[1]

On July 23, 2021, Plaintiff filed this lawsuit against Defendant in St. Louis County Circuit Court, alleging negligence and wrongful death. Docs. [1] ¶ 1; [1-2] at 5-6. On September 2, 2021, Defendant removed the case to this Court. Doc. [1]. On November 30, 2021, Plaintiff filed a notice of settlement, and on December 8, 2021, Plaintiff filed a consent motion to approve the wrongful death settlement. Docs. [19], [21]. On January 3, 2022, the Court held a hearing on Plaintiff's motion, but the hearing was cut short to provide Plaintiff with an opportunity to give notice to other class members. Doc. [24]; *see also* Mo. Rev. Stat. §§ 537.080, 537.095. On May 18, 2022, Plaintiff filed a "Memorandum of Settlement" wherein she notified the Court that the remaining class members had been duly notified and that they waived any interest in the settlement. Docs. [29] ¶¶ 3-4.

---

[1] This brief factual summary is drawn from the allegations in Plaintiff's Petition. Doc. [1-2]. The Court provides it solely as context and treats none of Plaintiff's allegations as proven.

On June 30, 2022, the Court held a second hearing on Plaintiff's settlement approval motion. Doc. [33]. The Court reviewed the parties' settlement agreement, heard testimony from Plaintiff, and received into evidence the notice letters and notarized affidavits of the waiving class members. Docs. [33], [34], [35]. The Court also expressed concern that no settlement agreement or fee breakdown had been filed on the public docket but that no argument had been made for keeping the documents under seal as required by Local Rule 13.05. The parties agreed on the record that they had no objection to filing the settlement agreement and the proportion of the settlement that would go to attorneys' fees on the public docket, provided that the total amount of the settlement could remain confidential.

On July 13, 2022, the parties filed two joint motions to seal the settlement agreement and the wrongful death settlement breakdown. Docs. [36] *SEALED*, [37] *SEALED*. On the same day, Plaintiff filed redacted versions of both the settlement agreement and the settlement breakdown, omitting only figures that would allow deduction of the settlement amount. Docs. [38], [39].

## II.     Joint Motions for Sealing

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Here, the parties seek to file two documents under seal: (1) the confidential settlement agreement; and (2) the wrongful death settlement breakdown. Docs. [36] *SEALED*, [36-1] *SEALED*, [37] *SEALED*, [37-1] *SEALED*. Plaintiff filed redacted versions of the documents, which omit only those terms from which the total settlement amount could be deduced. Docs. [38],

[39]. The cumulative effect of these filings ensures that the terms of settlement agreement remain accessible on the public docket, with the exception of the amount of the parties' settlement. The parties argue that sealing the settlement amount serves their joint interest in confidentiality, which is reflected in the terms of the agreement. Doc. [36] ¶ 2 *SEALED* (noting that filing an unredacted settlement agreement on the public docket would undermine the parties' expectancy in their agreed-upon confidentiality); *see also* Doc. [38] ¶ 6 (redacted settlement agreement) (imposing a duty of strict confidentiality and prescribing that a violation of confidentiality term amounts to a material breach). The Court agrees that the parties' interest in keeping their settlement amount confidential is substantial. *Eagen v. Kirksville Mo. Hosp. Co., LLC*, 2021 WL 6134381, at *2 (E.D. Mo. Dec. 29, 2021) (acknowledging the parties' compelling interest in keeping both the terms and amount of their settlement agreement confidential where confidentiality was a material contractual term). Moreover, the public also has an interest in encouraging settlement of disputes through mediation. *See Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021) ("The public has an interest in encouraging settlements, which require fewer public resources than litigation.").

The private and public interests in confidentiality must be weighed against the public's interest in access to this Court's decisions, however. In this instance, with respect to the settlement amount itself, the Court finds that the balance favors confidentiality. Under the circumstances, the Court discerns little public interest in the amount of the parties' settlement. *Eagen*, 2021 WL 6134381, at *2 (finding minimal public interest in the terms and amount of a settlement between two private litigants over a wrongful death claim). And the parties have minimized any intrusion upon the public's interest in transparency by asking to seal only the amount of their settlement. All other terms of the agreement remain accessible on the public docket. *See* Doc. [38]. Therefore, the Court will grant the parties' motions for sealing.

### III.    Petition for Approval of Wrongful Death Settlement

"Under Missouri law, a wrongful death settlement requires court approval." *Lang v. Mino Farms, Inc.*, 2016 WL 4031230, at *2 (W.D. Mo. July 26, 2016) (citing Mo. Rev. Stat. § 537.095.1). "To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all [class members]; (2) the amount of the settlement is fair and reasonable; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct." *Id.* (citing Mo. Rev. Stat. §§ 537.080.1, 537.095.3, 537.095.4(2)).

With respect to the first requirement, Plaintiff filed with the Court a "Memorandum of Settlement" which indicated that two other individuals covered by § 537.080—John Samuel

Kovacevich and Marcy Kovacevich—were provided letters notifying them about the pending lawsuit, the parties thereto, the identity of Plaintiff's lawyer (along with the lawyer's address and phone number), the name of the Court hearing the case, and the cause number. *See* Docs. [29], [29-3], [29-4]. Plaintiff also filed with the Court John and Marcy's notarized affidavits disavowing any interest in the wrongful death settlement. Docs. [29-1], [29-2]. Apart from John and Marcy, Plaintiff testified at the June 30, 2022, hearing that no other class members exist. The Court is satisfied that Plaintiff "diligently attempted to notify all parties having a cause of action" as required by § 537.095.1. *See State ex rel. Reddy v. Dunlap*, 839 S.W.2d 374, 378 (Mo. Ct. App. 1992) (considering a notice letter provided under § 537.095 sufficient where it "advised the recipients of the pendency of the wrongful death action, the identity of the litigants, the identity of [plaintiff's] lawyer, that lawyer's address and telephone number, the court in which the case was pending, and the case number.").

Next, the Court must determine whether the amount of the settlement is fair and reasonable. *Lang*, 2016 WL 4031230, at *2. The parties provided the Court with a copy of their confidential settlement agreement, wherein they agree to resolve any and all claims arising out of Margaret's stay at Defendant's facility for [REDACTED].² Docs. [37-1] ¶ 2 *SEALED*. Plaintiff testified that she believes that the settlement amount is fair, and based on her testimony about the nature of the negotiations, the Court agrees. *See Long*, 2021 WL 1985054, at *3 (citing *Johnson v. City of Hazelwood*, 2017 WL 492822, at *4 (E.D. Mo. Feb. 7, 2017)).

Finally, the Court considers the issue of attorneys' fees and expenses. "Generally, the Court is to order payment of attorney's fees 'as contracted' out of the parties' respective settlement proceeds." *Eagen*, 2021 WL 6134381, at *4 (citing Mo. Rev. Stat. § 537.095.4(2)). Here, Plaintiff submitted a wrongful death settlement breakdown stating that Plaintiff and her counsel agreed that counsel would receive one-third of the gross settlement amount. Doc. [37-1] *SEALED*. The document shows that litigation costs and fees would be applied to the retainer paid by Plaintiff and that the remainder of the retainer would be refunded to Plaintiff. Doc. [37-1] *SEALED*. Plaintiff testified that she believed that the amount to be paid to her attorney was fair and reasonable, and based on her testimony regarding the scope of counsel's representation, the Court agrees.

Accordingly,

---

² While the settlement agreement contemplates that payment be made in installments, the parties represented at the June 30, 2022, hearing that Defendant had paid over all amounts owed under the agreement and that the full settlement amount is sitting in Plaintiff's counsel's trust account and awaiting distribution.

4

**IT IS HEREBY ORDERED** that the parties' joint motions for sealing, Docs. [36], [37], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Approval of Wrongful Death Settlement, Doc. [21], and Plaintiff's Memorandum of Settlement, Doc. [29], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's causes of action and all claims for injuries, damages, and losses against Defendant shall be settled for a total amount of [REDACTED], inclusive of attorneys' fees and costs.

**IT IS FURTHER ORDERED** that Plaintiff shall file an acknowledgment of satisfaction with the Court within **ten (10) days** of this Order.

**IT IS FURTHER ORDERED** that attorneys' fees and expenses shall be distributed as provided for in the wrongful death settlement breakdown (Doc. [37-1] *SEALED*).

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed to all persons owed money pursuant to this Order, Plaintiff shall file a notice with the Court advising that all proceeds have been distributed as ordered.

**IT IS FURTHER ORDERED** that no later than **ten (10) days** after Plaintiff files a notice with the Court advising that all settlement proceeds have properly distributed as provided herein, the parties shall file a stipulation of dismissal.  The Court will thereupon issue a separate Order of dismissal.

Dated this 21st day of July, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE